IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| George D. Metz, II, | ) | Case No. 9:23-cv-06511-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael Smith, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Complaint alleging violations of his civil rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On April 12, 2024, the Magistrate Judge issued a Report recommending that this action be dismissed with prejudice, without further leave to amend, and without issuance and service of process. ECF No. 20. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections. ECF No. 22.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As stated above, the Magistrate Judge recommends summary dismissal of this action.  Upon de novo review of the Report, the record, and the applicable law, the Court respectfully disagrees in part with the Magistrate Judge.

Plaintiff alleges his Fifth Amendment rights were violated when Defendant required Plaintiff to provide his identification.  The Magistrate Judge recommends dismissal of this claim.  In his objections, Plaintiff states that his Fifth Amendment rights were violated when he was "compelled to answer [Defendant's] question under threat of arrest."  ECF No. 22 at 1.  As noted by the Magistrate Judge, Plaintiff has not alleged that his "statement" was used against him in a criminal prosecution.  *Hiibel v. Sixth Jud. Dist. Ct. of Nevada, Humboldt Cnty.*, 542 U.S. 177, 189 (2004) ("The Fifth Amendment states that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself."  To qualify for the Fifth Amendment privilege, a communication must be testimonial, incriminating, and compelled.").  Accordingly, Plaintiff has failed to state a plausible claim for relief, and summary dismissal is appropriate.

Plaintiff alleges his Fourth Amendment rights were violated because Defendant did not have reasonable suspicion to request his identification. The Magistrate Judge recommends dismissal of this claim because an objectively reasonable police officer would have sufficient reasonable suspicion to request the identification based upon the 911 call from the health department employee. Plaintiff objects and argues that there was no reasonable suspicion because, by the time Defendant arrived, Plaintiff was filming outside the building, which is not illegal. The Court is of the opinion that further factual development of this issue is required. *See Stout v. Harris*, No. 3:21CV468, 2022 WL 363873, at *6 (E.D. Va. Feb. 7, 2022) ("Accordingly, Harris asks the Court to conclude that police officers may always compel–under the threat of arrest–a suspect to identify himself pursuant to a lawful *Terry* stop, even in the absence of a state law criminalizing the suspect's refusal. Because '[a] motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint' and 'does not resolve contests surrounding the facts[ or] the merits of a claim,' the Court finds such resolution improper at this juncture."). Therefore, the Court respectfully declines to adopt this portion of the Report.

Finally, Plaintiff alleges his First Amendment rights were violated when Defendant required him to stop filming. The Magistrate Judge recommends dismissal of this claim because the restriction was reasonable as to time, manner, and place.[1] The Magistrate Judge further recommends dismissal of Plaintiff's First Amendment retaliation claim

---

[1] The Magistrate Judge analyzed this claim as a violation of Plaintiff's right to free speech. In his objections, Plaintiff asserts that he is bringing this claim pursuant to the First Amendment's free press provision. It is unnecessary to resolve this discrepancy at this procedural posture.

3

because, inter alia, Defendant had the requisite reasonable suspicion to request Plaintiff's identification.  In his objections, Plaintiff states that the Magistrate Judge evaluated his claim under the wrong standard and that he was subject to retaliation for exercising his First Amendment rights.  With respect to the time, manner, and place restriction, the Court finds that, at this procedural posture, there is insufficient information available to determine whether the restriction was reasonable.[2]  Accordingly, summary dismissal is inappropriate.  With respect to Plaintiff's First Amendment retaliation claim, in order to state such a claim a plaintiff must plausibly allege that (1) he "engaged in protected First Amendment activity," (2) "the defendant[ ] took some action that adversely affected the plaintiff's First Amendment rights," and (3) "there was a causal relationship between the plaintiff's protected activity and the defendant['s] conduct." *Buxton v. Kurtinitis*, 862 F.3d 423, 427 (4th Cir. 2017) (cleaned up).  Here, liberally construed, Plaintiff has alleged all three factors.  Accordingly, the Court respectfully declines to adopt this portion of the Magistrate Judge Report.

Therefore, upon de novo review, the Court adopts in part and respectfully declines to adopt in part the recommendation of the Magistrate Judge.  Plaintiff's Fifth Amendment claim is **DISMISSED** with prejudice and without leave to amend.  This action is recommitted to the Magistrate Judge for further evaluation and issuance and service of process.

IT IS SO ORDERED.

---

[2] The Court notes that Plaintiff may be alleging two claims here: filming inside the health department and filming outside the health department.

4

s/ Donald C. Coggins, Jr.
United States District Judge

March 18, 2025
Spartanburg, South Carolina

5

9:23-cv-06511-DCC-WSB     Date Filed 03/18/25     Entry Number 26     Page 5 of 5