UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| George D. Metz, II, | ) | |
| | ) | C/A No. 9:23-cv-6511-DCC-WSB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Michael Smith, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's Motion for Default Judgment. ECF No. 51. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review all pretrial matters in cases filed under § 1983 and submit findings and recommendations to the district court.

## BACKGROUND

**Procedural History**

Plaintiff commenced this action by filing a Complaint against Defendant pursuant to 42 U.S.C. § 1983 on December 14, 2023. ECF No. 1. A United States Magistrate Judge issued a Report and Recommendation on April 12, 2024, recommending that the district court dismiss this action with prejudice, without leave to amend, and without issuance and service of process. ECF No. 20. The district court issued an Order adopting in part and declining to adopt in part the Report and Recommendation on March 18, 2025. ECF No. 26. The district court concluded that Plaintiff had failed to state a plausible claim for relief as to his Fifth Amendment claims but alleged sufficient facts to survive initial review as to his First and Fourth Amendment claims. *Id.* at 2-4.

The district court recommitted the matter to the United States Magistrate Judge for further evaluation and issuance and service of process. *Id.* at 4.

This matter was assigned to the undersigned United States Magistrate Judge on March 18, 2025. The undersigned issued a Serve Order authorizing service of process on March 19, 2025. ECF No. 32. The Serve Order, Summons, Complaint, and Form USM-285 were forwarded to the United States Marshal Service ("USMS") for service of process. On April 29, 2025, the USMS filed a Summons Returned Unexecuted. ECF No. 36. The USMS attempted to serve Defendant at the addresses provided by Plaintiff, but the USMS could not accomplish service. *Id.* The undersigned issued a Proper Form Order to provide Plaintiff with an opportunity to properly identify Defendant and/or provide a better address for service and submit properly completed service documents. ECF No. 38. Plaintiff filed a proposed Summons and Form USM-285, and the undersigned issued a Second Serve Order on May 22, 2025. ECF No. 42. The USMS filed a Summons Returned Executed on July 11, 2025, indicating that it personally served Defendant at the address Plaintiff provided on July 9, 2025. ECF No. 46. Defendant's answer was therefore due by July 30, 2025. Defendant has not filed an answer or otherwise responded to Plaintiff's Complaint.

On August 11, 2025, Plaintiff filed a Request for Entry of Default. ECF No. 47. The Clerk of Court filed an Entry of Default on the same date. ECF No. 48. The Clerk's Entry of Default was mailed to Defendant's address. On August 25, 2025, Plaintiff filed the instant Motion for Default Judgment. ECF No. 51. This Motion was also mailed to Defendant's address. Defendant has not appeared or filed a response. This matter is now ripe for review.

**Factual Allegations**

Plaintiff alleges that he is an "independent journalist/activist" who went to Varnville, South Carolina on May 26, 2022, to record the public employees of the "Hampton County SC Health Department" ("the Department"). ECF No. 1 at 7. Plaintiff alleges that he arrived at the Department's building close to the end of the day. *Id.* Plaintiff contends that within two minutes of him entering the building, he was accosted and told that he was not allowed to film. *Id.* Plaintiff subsequently walked outside to continue filming through the window because the Department was closing for the day. *Id.*

Plaintiff alleges that Defendant, a police officer employed by the City of Varnville, arrived and told him that he was not allowed to record in the building. ECF No. 1 at 7. Plaintiff alleges that Defendant stated that Plaintiff needed to show him "something that says [he] can record" or else Plaintiff had to leave or face arrest. *Id.* Plaintiff submits that Defendant asked him to shut down his video recording, but he continued recording with a "bodycam" that Defendant "didn't notice." *Id.* Plaintiff alleges that Defendant threatened to arrest him if he did not provide physical identification. *Id.* at 8. Plaintiff alleges he exercised his Fifth Amendment rights to not answer Defendant's questions, and Defendant again threatened to arrest Plaintiff. *Id.*

Plaintiff alleges that his Fourth Amendment rights were violated because Defendant unlawfully seized his identification without reasonable suspicion. ECF No. 1 at 8. Plaintiff also alleges that his First Amendment rights were violated when Defendant forced him to leave a public area for recording. *Id.* Plaintiff seeks "[p]unitive damages, two hundred thousand dollars $200,000." *Id.* at 5. Plaintiff explains that "[t]his was a willful and knowing[] violation of my rights, I had the law in my hand and he refused to read or understand it. When asked to provide statute numbers of the laws he was claiming applied, he refused to do so." *Id.*

## APPLICABLE LAW AND ANALYSIS

Upon a showing that a party against whom a judgment is sought has failed to plead or otherwise defend, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). After the clerk has entered a default, the plaintiff may seek a default judgment. Fed. R. Civ. P. 55(b). "The court may conduct hearings … when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

In considering a motion for default judgment, the court accepts as true all well-pleaded factual allegations in the complaint not relating to the amount of damages. *See* Fed. R. Civ. P. 8(b)(6). However, "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover" because "[t]he defendant is not held ... to admit conclusions of law." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted). Thus, regarding default judgments, the "appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." *Anderson v. Found. for Advancement Educ. & Emp't of Am. Indians*, 187 F.3d 628, 1999 WL 598860, at *1 (4th Cir. 1999).

"[W]hile a court must accept a plaintiff's factual allegations as true, the plaintiff must still prove that it is entitled to damages." *Masco Corp. v. Bennett*, C/A No. 3:08-cv-161-RJC-DCK, 2010 WL 1405136, at *2 (W.D.N.C. Mar. 31, 2010). The Fourth Circuit has a "strong policy that cases be decided on their merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). However, default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D. Md. 2005).

4

In the Motion, Plaintiff requests that the Court enter default judgment against Defendant and award Plaintiff damages "for the amount requested." ECF No. 51 at 3. As noted, Plaintiff's Complaint seeks "[p]unitive damages, two hundred thousand dollars $200,000."[1] ECF No. 1 at 5. However, Plaintiff's Motion is completely devoid of any argument or evidentiary support that he is entitled to the damage amount requested in the Complaint.

A "plaintiff [is] required to prove damages by preponderance of evidence following entry of default before entry of default judgment." *Nehme v. Khoury*, C/A No. 5:14-cv-114-FL, 2018 WL 3876579, at *7 (E.D.N.C. Aug. 15, 2018) (citing *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 252 (4th Cir. 1967)). "[A] mere generalized statement of the amount due in [the] plaintiff's complaint does not establish a sum certain for purposes of Rule 55(b)(1)." *Woodring v. Collection Recovery Bureau*, C/A No. ELH-11-cv-02106, 2012 WL 94563, at *2 (D. Md. Jan. 9, 2012) (citations and internal quotation marks omitted). Plaintiff has failed to show that he is entitled to the damages requested. Plaintiff makes no arguments in his Motion and

---

[1]    This sentence appears to seek Two Hundred Thousand Dollars in punitive damages. It is not clear whether Plaintiff is only seeking punitive damages. *See* ECF No. 1 at 5. Generally, "[a] litigant may not obtain an award of punitive damages in [the] absence of an award of compensatory or nominal damages." *Cowick v. Glen Campbell Detention Center*, C/A No. 5:17-cv-03001-JFA-KDW, 2018 WL 794466, at *2 (D.S.C. Jan. 3, 2018), *R&R adopted by* 2018 WL 783649 (D.S.C. Feb. 7, 2018). However, nominal damages need not always be specifically pled. *See Minnesota Lawyers Mut. Ins. Co. v. Batzli*, 442 F. App'x 40, 52 n.19 (4th Cir. Aug. 4, 2011) ("We reject Minnesota Mutual's contention that Batzli's failure to specifically plead nominal damages barred the award thereof, particularly when the counterclaim asked the court to award, in addition to the costs and fees incurred …, such other and further relief as the Court deems just."); *Liberty Mut. Fire Ins. Co. v. JT Walker Indus., Inc.*, 554 F. App'x 176, 190 (4th Cir. 2014) ("Nominal damages need not be specifically pleaded where a party alleges a claim for general damages; the general damage allegation sufficiently encompasses nominal damages."). Plaintiff does not appear to plead a prayer for "other and further relief as the Court deems just" or "general compensatory damages." However, liberally construing Plaintiff's *pro se* Complaint, Plaintiff may be seeking actual or nominal damages in addition to punitive damages. *See* ECF No. 1 at 5. Accordingly, the undersigned does not recommend that Plaintiff's Motion for Default Judgment be denied on this basis.

points to no evidence to support his conclusory assertions. Accordingly, the current record does not support default judgment. Because a determination of damages is dispositive, the undersigned recommends that the district court conduct a hearing on the amount of damages to be awarded, if any.[2] *See Pope v. United States*, 323 U.S. 1, 12 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and give judgment accordingly.") (citations omitted); *e.g., Missouri v. Allen*, C/A No. 8:23-cv-01990-MGL-BM, 2024 WL 2263084, at *4-5 (D.S.C. Apr. 25, 2024) (finding that a plaintiff's motion was insufficient to support a default judgment and recommending that the district court conduct a hearing on the plaintiff's motion for default judgment to determine damages), *R&R adopted by* 2024 WL 2258548 (D.S.C. May 16, 2024).

## <u>CONCLUSION AND RECOMMENDATION</u>

Based on the foregoing, the undersigned finds that the current Motion and record are insufficient to support a default judgment and recommends that the district court conduct an evidentiary hearing on Plaintiff's Motion for Default Judgment regarding the amount of damages to be awarded, if any. ECF No. 51.

**IT IS SO RECOMMENDED.**

s/William S. Brown
United States Magistrate Judge

October 20, 2025
Greenville, South Carolina

***The attention of the parties is directed to the important notice on the following page.***

---

[2]     If Defendant appears prior to an evidentiary hearing, it is recommended that this Report and Recommendation be vacated and this matter be recommitted to the undersigned for further handling.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).