UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

George D. Metz, II,
Plaintiff,

v.

Michael Smith,
Defendant.

DEC 9 2025 AM9:28
USDC GREENVILLE SC

**Case No. 9:23-cv-6511-DCC-WSB**

PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

Plaintiff George D. Metz, II respectfully submits the following objections to the Report and Recommendation ("R&R;") issued on November 25, 2025.

I. OBJECTION 1

The R&R; Clearly Erred in Concluding There Was "No Evidence" of Reckless or Callous Indifference The R&R; asserts that no real evidence supports a finding of reckless or callous indifference. This is clearly erroneous because the Court expressly reviewed the video submitted with the Complaint pursuant to Rule 10(c).

The video provides direct, objective proof of Defendant Smith's reckless disregard for Plaintiff's First and Fourth Amendment rights. The footage shows Defendant repeatedly threatening Plaintiff with immediate arrest solely for

recording a government building, demanding that Plaintiff provide a nonexistent "law giving permission to record," refusing to identify any statute supporting his orders, and instructing Plaintiff to stop filming and leave a public property while Plaintiff was engaged in constitutionally protected activity. Under **Smith v. Wade**, such conduct constitutes reckless indifference to federally protected rights.

### II. Defendant Smith's Own Statements on Video Corroborate Plaintiff's Fear and Emotional Distress

The Magistrate Judge incorrectly found "no corroboration" of emotional distress. The video—reviewed by the Court—shows Defendant Smith **openly acknowledging** Plaintiff's visible nervousness. This constitutes independent corroboration directly from the Defendant Himself.

Under Fourth Circuit precedent, including **Price v. City of Charlotte**, a plaintiff's emotional distress may be corroborated by demeanor, contemporaneous statements, and the context of the violation. The Defendant's recognition of Plaintiff's fear is precisely the type of corroboration required.

### III. The R&R; Misapplied the Emotional-Distress Standard

The R&R; improperly required medical records, income loss, or physical

symptoms. Fourth Circuit law is clear: a plaintiff's testimony alone may support emotional-distress damages if it is specific and tied to the violation. Combined with the video evidence of threats of arrest, unlawful commands, and coercive police behavior, Plaintiff's declaration meets the standard required by Price, Hicks, and Carey.

### IV. The R&R; Misapplied the Punitive-Damages Standard

Punitive damages are appropriate when a defendant's conduct involves reckless or callous indifference to constitutional rights. The video shows Defendant Smith intentionally suppressing protected First Amendment activity, threatening arrest without cause, demanding identification without reasonable suspicion, and retaliating against Plaintiff for recording. Such conduct is precisely what punitive damages under **Smith v. Wade and Cooper v. Dyke** are designed to address.

### V. REQUEST FOR RELIEF

Plaintiff respectfully requests that the District Court:

1. Reject the Report and Recommendation in its entirety;

2. Find that the video and evidence establish emotional-distress damages or, at minimum, support punitive damages under Smith v. Wade;

3. Award punitive damages for Defendant Smith's reckless indifference to Plaintiff's constitutional rights.


Respectfully submitted,

/s/ George D. Metz, II Pro Se Plaintif