IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| George D. Metz, II, | ) | Case No. 9:23-cv-6511-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael Smith, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court for review of the Magistrate Judge's Report and Recommendation ("Report"). ECF No. 61. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report. This action was commenced on December 14, 2023. ECF No. 1. Defendant has never appeared. On August 11, 2025, Plaintiff requested an entry of default, which was entered by the Clerk's Office. ECF Nos. 47, 48. On August 25, 2025, Plaintiff filed a motion for default judgment. ECF No. 51. Defendant did not file a response. The Magistrate Judge held a hearing on the motion on November 20, 2025, during which Plaintiff was given the opportunity to present evidence with respect to damages. ECF No. 56. On November 25, 2025, the Magistrate Judge issued a Report recommending that the motion be granted and that Plaintiff be awarded $1.00 in nominal damages. ECF No. 61. The Report was sent to both parties. ECF No. 62, 63. The Magistrate Judge advised the parties of the

procedures and requirements for filing objections to the Report and the serious consequences for failing to do so.  Plaintiff filed objections to the Report.  ECF No. 64.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Court finds that the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which is incorporated herein by reference.  As noted above, Plaintiff filed objections to the Report; accordingly, the Court's review has been de novo.  Upon such review, the Court adopts the recommendation of the Magistrate Judge.

Plaintiff objects to the Magistrate Judge's conclusion that he is not entitled to punitive damages or damages for emotional distress. With respect to damages related to emotional distress, Plaintiff argues that his video of the encounter establishes that he suffered emotional distress because of his "visible nervousness." ECF No. 64 at 2. He also argues that the Magistrate Judge improperly required additional evidence in the form of medical records, income loss, or physical symptoms. *Id.* at 2–3. The Magistrate Judge noted that such evidence may be considered but further noted that "[a] plaintiff's testimony alone may be sufficient to support an award of compensatory damages based on emotional distress resulting from a constitutional violation." ECF No. 61 at 8 (citing *Price v. City of Charlotte*, 93 F.3d 1241, 1254 (4th Cir. 1996)). This represents a correct statement of the law. Upon review of the evidence available, including the video, the Magistrate Judge determined that Plaintiff has failed to carry his burden of showing his damages. ECF No. 61 at 9. Upon de novo review,[1] the Court agrees that Plaintiff has merely offered vague and conclusory statements with respect to emotional distress. Moreover, the video does not establish his right to compensatory damages based upon emotional distress by a preponderance of the evidence. As to Plaintiff's claim for compensatory damages for violations of his First and Fourth Amendment rights, the Court further agrees with the Magistrate Judge that nominal damages in the amount of $1.00 is appropriate under the circumstances.

---

[1] The Court's de novo review included review of the video.

Turning to Plaintiff's claim for punitive damages, he argues that the video establishes that Defendant demonstrated reckless or callous indifference to his constitutional rights. ECF No. 64 at 1–3. Upon de novo review, the Court agrees with the Magistrate Judge that Plaintiff has not provided any support for this assertion beyond mere speculation. The provided video does not support a finding of malice or callous indifference. Accordingly, Plaintiff's objections are overruled.

## **CONCLUSION**

Accordingly, upon de novo review of the record, the Report, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge. Plaintiff's motion for default judgment [51] is **GRANTED**, and Plaintiff is awarded $1.00 in nominal damages.

IT IS SO ORDERED.

                                      s/ Donald C. Coggins, Jr.
                                      United States District Judge

January 13, 2026
Spartanburg, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.